Charles T. BUTLER, Plaintiff–
Appellant,

v.

Burl CAIN; Rayborne Rayborne Deville,
Corrections Officer; Unknown Estes;
Howard Prince; Dora Rabalais, De-
fendants–Appellees.

No. 03–30234.

United States Court of Appeals,
Fifth Circuit.

Oct. 21, 2003.

Charles T. Butler, Louisiana Depart-
ment of Public Safety & Corrections, An-
gola, LA, pro se.

Rose Polito Wooden, Assistant Attorney
General, Office of the Attorney General for
the State of Louisiana, Baton Rouge, LA,
for Defendants–Appellees.

Before KING, Chief Judge, and JOLLY
and STEWART, Circuit Judges.

PER CURIAM.[*]

Charles Butler, Louisiana prisoner
#209995, has filed an application for leave
to proceed *in forma pauperis* (IFP) on
appeal following the district court's dis-
missal of his 42 U.S.C. § 1983 complaint
for failure to state a claim. By moving for
IFP, Butler is challenging the district
court's certification that IFP should not be
granted on appeal because his appeal pres-
ents no nonfrivolous issues. *See Baugh v.
Taylor*, 117 F.3d 197, 202 (5th Cir.1997).
Butler's IFP "motion must be directed
solely to the trial court's reasons for the
certification decision." *Id.*

Butler does not address the district
court's reasons for certification that his
appeal was not taken in good faith. Spe-
cifically, he fails to address the district
court's determination that his allegations
of retaliation, insufficient inmate counsel,
and false disciplinary charges were conclu-
sional in nature and failed to assert a
cognizable constitutional violation. Be-
cause Butler does not provide any analysis
of these issues, he waives any appeal of
them. *See Yohey v. Collins*, 985 F.2d 222,
224–25 (5th Cir.1993).

Butler has not shown that the district
court erred in certifying that an appeal
would not be taken in good faith. Accord-
ingly, we uphold the district court's order
certifying that the appeal presents no non-
frivolous issues. Butler's request for IFP
status is DENIED, and his appeal is DIS-
MISSED as frivolous. *See Baugh*, 117
F.3d at 202 n. 24; 5TH CIR. R. 42.2.

Butler is cautioned that the district
court's dismissal of his action for failure to
state a claim and this court's dismissal of
his appeal as frivolous count as two strikes
under 28 U.S.C. § 1915(g). *See Adepegba
v. Hammons*, 103 F.3d 383, 385–87 (5th
Cir.1996). If Butler accrues three strikes,
he will not be able to proceed IFP in any
civil action or appeal filed while he is incar-
cerated or detained in any facility unless
he is under imminent danger of serious
physical injury. *See* 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL
DISMISSED; SANCTIONS WARNING
ISSUED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.